# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARCUS GAYNOR,

    Petitioner,

v.                                 Case No. 8:07-cv-1570-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

THIS CAUSE is before the Court upon the petition of Marcus Gaynor (hereinafter "Petitioner" or "Gaynor") for a writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1), the Respondent's response (Dkt. #11), and Petitioner's reply (Dkt. #15).

The Respondent moved to dismiss the petition as time barred. Petitioner's reply did not address the time bar issue so, on January 23, 2009, this Court entered an Order to show cause directing Petitioner to address whether his petition is time barred. Petitioner responded on February 6, 2009, but failed to show cause why his petition is not time barred.

Petitioner, who was sentenced prior to 1996, became subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") on its effective date of April 24, 1996. AEDPA grants a one year period after April 24, 1996, for persons like Gaynor, to file a petition for writ of habeas corpus in federal court. That one year limitation period is tolled for any period of time that a properly filed application for state post-conviction review is pending. 28 U.S.C. §2244(d)(2).

In his response to the Order to show cause, Petitioner pointed out, in reference to the effective date of AEDPA, that he had filed a petition for writ of habeas corpus in the civil trial court in Charlotte County, Florida. This Court assumes that that is where Petitioner was housed at the time because his criminal conviction was in Hillsborough County, Florida. The court in Charlotte County denied the petition on February 12, 1996. Petitioner then claims he appealed that decision on December 6, 1996, and it was denied on December 20, 1996, by the state appellate court. The mandate was issued on January 17, 1997.

Thereafter, on November 12, 1997, according to Petitioner, he filed a *pro se* motion requesting permission to file a new petition which was denied as procedurally barred by the court. That request seeking permission to file another motion was not itself a collateral attack on his sentence and did not have any tolling effect on the one year limitations period under AEDPA. Gaynor did not file the petition in this Court until September 4, 2007. The petition is clearly time barred.

Therefore, for the reasons set forth in this Court's Order to show cause of January 23, 2009 (Dkt. #18), and for the reasons stated herein, the Court determines that the petition is time barred and it is therefore DISMISSED. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 25, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-1570.dismissal.frm